[Civ. No. 4900. Second Appellate District, Division Two.—April 9, 1931.]

CLARA ZUANICH, Plaintiff and Respondent, v. PAUL PETRICH et al., Defendants; THE BANK OF ITALY (a Corporation), Appellant; C. W. NOYES, Intervener and Respondent.

Ward, Ward & Ward and Haas & Dunnigan for Appellant.

Morris Binnard for Intervener and Respondent.

ARCHBALD, J. *pro tem.*—Clara Zuanich filed her complaint in claim and delivery against Paul Petrich and the Bank of Italy for the recovery of certain personal property. Thereafter respondent Noyes filed his complaint in intervention, alleging the bankruptcy of Petrich and the former's appointment as trustee of the estate of said bankrupt, that as such trustee he was the owner and entitled to the possession of the personal property mentioned in the complaint in claim and delivery and that appellant Bank of Italy took possession of said property wrongfully and unlawfully, under and by virtue of a chattel mortgage alleged to have been executed by said bankrupt but which

was void as against said trustee. The trial court found, among other things, that while the bankrupt had executed and delivered a bill of sale to plaintiff covering the personal property, the same was not accompanied "by any delivery whatever, or followed by any actual or continued change of possession of said articles of personal property". With regard to the chattel mortgage executed and delivered to the bank by Petrich, the court found that it was not acknowledged by Petrich, and that "within four months from the filing of the petition and adjudication of said Paul Petrich" said Bank of Italy "wrongfully took possession of said articles of personal property under the said purported chattel mortgage, and ever since has retained and now has possession of the same"; that no notice of the execution or delivery of said purported chattel mortgage was ever given to or had by the creditors of said Petrich or any of them prior to the time possession of said articles was so taken by the bank, and that said chattel mortgage was given "for a past consideration to prefer said defendant, the Bank of Italy, a corporation, to all other creditors of said Paul Petrich". As conclusions of law therefrom the court found that the plaintiff's bill of sale was void as to the trustee in bankruptcy above mentioned; that the chattel mortgage was also void as to creditors under section 2957 of the Civil Code "and was and is also void as to said creditors and said trustee representing them, as a voidable preference under the laws of the United States relative to bankruptcy", and that the said intervener, as such trustee, "is the owner and entitled to the return of said articles of personal property" or to the value thereof in the sum of $1,000. From the judgment entered on said findings the defendant Bank of Italy appeals.

It appears without dispute that the chattel mortgage was dated March 23, 1923; that it contains no acknowledgment and was recorded in that condition March 26, 1923; that possession of the chattels was taken by the defendant bank July 28, 1923, and that the same were sold and bought in by the bank August 28, 1923; that the involuntary petition in bankruptcy was filed August 10, 1923, a decree of adjudication made in October, 1923, and that the trustee qualified on October 27, 1923. It was also stipulated that the petitioning creditors in the bankruptcy proceeding were creditors

of Petrich at the time the chattel mortgage was given, and that no notice of intention to mortgage was given under section 3440 of the Civil Code.

Appellant has questioned the finding that the mortgage was a voidable preference under the Bankruptcy Act, and complains that there was no finding as to whether Petrich was a merchant or the personal property covered by the chattel mortgage was fixtures or store equipment within the meaning of section 3440 of the Civil Code. With regard to these contentions we are compelled to say that there is no evidence in the record to support the finding of voidable preference. Nor is an issue raised by the pleadings either on that point or on the point concerning noncompliance with section 3440 by not filing notice of intention to mortgage, and on which point the findings are silent, as they should be. The only issue presented by the pleadings and properly covered by the findings is the invalidity of the chattel mortgage by reason of failure to acknowledge it, and in our opinion appellant must stand or fall upon the sufficiency of the findings on that issue to support the judgment rendered.

Appellant contends that the finding that the chattel mortgage was void under section 2957 of the Civil Code does not support the judgment, for the reason that possession taken by the mortgagee prior to the filing of the petition in bankruptcy or attachment of the chattels by a creditor cured the defect in the mortgage and made appellant's lien effective against the creditors, who were all general creditors at the time the mortgage was given.

The property in question was part of the equipment of a business conducted by Petrich in which he wholesaled, retailed and canned fish, and which property, together with the other furniture, fixtures, equipment, machinery, boxes, trucks, stock, boats, etc., belonging to said business, was covered by the same chattel mortgage to the Bank of Italy. As to the balance of the personal property not involved here, the question of the validity of said chattel mortgage came before the Supreme Court recently on an appeal from a judgment in favor of the trustee in bankruptcy, respondent herein, and against the Bank of Italy, appellant herein, for the value of such personal property, rendered in an action brought by the trustee against the bank for the con-

version of the property referred to. (*Noyes* v. *Bank of Italy,* 206 Cal. 266 [274 Pac. 68, 69].) That case was tried before a jury, and the bank sought to justify its action in taking possession and selling by virtue of the chattel mortgage under which it is claiming the goods in question here, and in its defense offered such chattel mortgage in evidence. The offer was refused by the trial court, which sustained the objection made to its introduction, and the court instructed the jury "that there was no issue under the proof on the question of conversion and that the only question for the determination of the jury was the value of the property converted". Such ruling and instruction were urged as error by appellant in that case. It will be seen at a glance that the right of the trustee in bankruptcy of said Petrich to the chattels there is the same as here. The same mortgage is involved and the same parties, as well as the same basis of right claimed by the trustee. The court in answering the contentions of appellant there has answered its contentions here. On page 270 of its opinion it says:

"Even if it be assumed that a mortgage void as to creditors pursuant to the plain terms of the statute could be transformed into a valid mortgage by the mortgagee seizing the mortgaged property or by otherwise taking possession of the same with the consent of the mortgagor and thus shut out general creditors or creditors not possessing a lien or armed with process, yet we are satisfied that it was the intention of the Bankruptcy Act to safeguard the rights of such general creditors by giving the trustee the status of a lien creditor and also to prevent the mortgagee from defeating the rights of the creditors of the bankrupt by contending that such creditors were general creditors only. It seems reasonable to conclude, also, that the purpose of the Bankruptcy Act in vesting power in the trustee to attack a chattel mortgage void under the statute was to render ineffectual as to creditors the act of the mortgagee in taking possession of the property before the commencement of the bankruptcy proceedings. In other words, the trustee was intended to be placed in the position of a lien creditor who would, but for the bankruptcy proceeding, be entitled to attack the alleged void mortgage and to enable him to protect the interests of general creditors against invalid

liens, unlawful transfers, etc. (1 Collier on Bankruptcy, 12th ed. p. 728 et seq.) Therefore, since it was competent for the plaintiff to commence the present action for conversion and since the proffered chattel mortgage was void as to creditors under the statute, there was no error in excluding the mortgage and as matter of law instructing the jury that there was no issue for the jury to determine on the question of conversion.''

 ▪The failure of the trial court to find on matters not in issue was not error; ▇▇▇ and while the conclusion reached by the court that the chattel mortgage was a voidable preference was entirely outside of the issues and evidence, no prejudice has resulted therefrom in view of the fact that the judgment is supported by the findings properly made under the facts of this case, and in consequence it must be disregarded.

The case cited determines adversely all the other points raised by appellant.

Judgment affirmed.

Craig, Acting P. J., and Thompson (Ira F.), J., concurred.